### James Leigh v. The State.

#### No. 1420.   Decided January 10, 1912.

**Assault to Murder—Charge of Court—Aggravated Assault—Intent.**

Where there may be one or more intents or purposes growing out of a transaction, that most favorable to the defendant must be given in charge to the jury, and where the defendant was indicted for assault to murder, and there was evidence raising the issue of aggravated assault, it was reversible error not to submit that issue to the jury.

Appeal from the District Court of Tom Green. Tried below before the Hon. J. W. Timmins.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Henry Faulk*, for appellant.—On question of the court's charge and failure to instruct on aggravated assault: Scott v. State, 10 Texas Crim. App., 112; Carter v. State, 28 id., 55; Mitchell v. State, 36 Texas Crim. Rep., 278; Chatman v. State, 40 id., 272.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault to murder, and given ten years confinement in the penitentiary.

The facts show that he was the stepfather of the girl upon whom the assault was made. That on the day of the assault appellant went to the residence of his sister-in-law, where the assaulted girl was then residing or visiting, and told her that her mother had sent for her. She says she did not want to go, and her aunt suggested to appellant that he go without her, but finally her aunt told her to go or she did agree to go, and at her suggestion or request her aunt let her daughter accompany her with defendant, and the three went away together. Instead of going home they went to the river, and went under a bridge known as Abe Street bridge. They remained there a little while and at appellant's suggestion went further down the river. The other girl did not accompany them, but remained up on the hill or bank of the river. After reaching a certain point appellant and the assaulted girl, Jesse Nighten, sat down, and a conversation occurred in which he asked her if she had told her mother what had occurred between herself and him, appellant. This she denied, and he insisted that she had told her mother, and that it was known. What had occurred between the parties heretofore seems to have been sexual intercourse. While they were sitting upon the ground he caught the bottom of her dress, and she pushed his hand away and got up, appellant firing one shot, which took effect in the fleshy part of the leg just below the knee. Appellant said that it was an accident, and that in 'shooting he did not intend to kill her. There was nothing intervening to prevent him shooting her. She says after the shot was fired he asked her what she was going to do about it. This is practically the case, at least in substance.

Appellant insists the court erred in not charging the law of aggravated assault. We are of opinion this contention should be sustained. The assault under the circumstances of this case could be aggravated, depending upon the intent with which the shot was fired. An assault, all other facts concurring, in order to be for the purpose of killing, must be accompanied by the specific intent to take life. The girl's testimony does not show with what intent the shot was fired further than what has been stated. There was but one shot fired, and she does not testify to facts which exclude aggravated assault. He could have fired four other shots, as there were that number of loads in his pistol when arrested a few moments afterwards by the officer. One of the chambers had been discharged. Wherever there may be one or more intents or purposes growing out of a transaction, that most favorable to the defendant must be given in charge to the jury, whatever the court may think of appellant's evidence. It is not the court's province to solve those questions. It is a matter of fact to be determined by the jury under appropriate instructions. Appellant said that the shot was accidental, but he further testified that he had no purpose of killing the girl, and was not even mad with her. Under the facts we are of opinion that the court should have charged the law of aggravated assault.

The verdict of the jury was heavy, amounting to ten years. What the verdict would have been or might have been would be speculative had a charge on aggravated assault been given. Its omission clearly indicated that the court did not believe the defendant's testimony, and, therefore, the issue was not in the case.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*